# In the United States Court of Federal Claims

No. 15-153T

(Filed: August 2, 2016)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WILTON R. STEPHENS, JR. and CAROL M. STEPHENS, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Reconsideration of Defendant's Motion to Dismiss; 26 U.S.C. §§ 6511, 7422; Untimely Refund Claim Filed with IRS; Equitable Theories; <u>Last v. United States</u>, 37 Fed. Cl. 1 (1996). |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Craig S. Lair*, with whom was *Byron J. Walker*, Rose Law Firm, Little Rock, Arkansas, for Plaintiffs.

*Matthew D. Lucey*, with whom were *Caroline D. Ciraolo*, Acting Assistant Attorney General, *David I. Pincus*, Chief, and *Mary M. Abate*, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER RECONSIDERING
DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

In this tax refund suit, the Court on its own motion is reconsidering its prior rulings denying Defendant's motion to dismiss. <u>Stephens v. United States</u>, 124 Fed. Cl. 424 (2015) (rejecting Defendant's statute of limitations argument); <u>Stephens v. United States</u>, Fed. Cl. No. 15-153T (Order, Mar. 14, 2016) (denying Defendant's motion for reconsideration). Recently, on June 29, 2016, Defendant requested the Court to certify these orders for interlocutory appeal, pursuant to 28 U.S.C. § 1292 (d)(2). In reviewing the basis for Defendant's request, the Court has taken another look at the applicable case law and statutory provisions, and has concluded that Defendant's motion to dismiss should be granted.

The underlying facts are recited in <u>Stephens</u>, 124 Fed. Cl. at 426-27, and are not contested. Essentially, in this long-running dispute, Plaintiffs want to apply loss carryforwards from 1995 and 1996 to their 1997 tax return. Under the Internal Revenue Code, 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the [IRS]." <u>United States v. Clintwood Elkhorn Mining Co.</u>, 553 U.S. 1, 5 (2008). 26 U.S.C. § 6511(a) provides that a refund claim must be filed with the IRS no later than "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later." The filing of a refund claim with the IRS within the applicable two- or three-year period thus is a prerequisite for a refund suit to be brought in any court.

The time periods may be extended when the IRS and the taxpayer agree to extend the period of limitations for assessing tax. <u>See</u> 26 U.S.C. § 6501(c)(4). Here, the IRS and Plaintiffs agreed to extend the period for assessing tax for 1997 to December 31, 2007. Def.'s Mot. to Dismiss at A29. Under 26 U.S.C. § 6511(c), the period for filing a refund claim for 2007 was extended for six months after that date, until June 30, 2008. However, Plaintiffs did not file an amended return for tax year 1997 until October 8, 2009, and thus it was untimely.

Even though the refund claim was untimely, Plaintiffs contend that various equitable theories allow the Court to retain jurisdiction. However, this case has many similarities to <u>Last v. United States</u>, 37 Fed. Cl. 1 (1996), where Judge Lawrence Margolis of this Court rejected plaintiffs' arguments of mitigation, equitable recoupment, and equitable estoppel. The Court adopts the detailed analysis of Judge Margolis in <u>Last</u>, along with the cited authorities, and denies each of Plaintiffs' equitable arguments.

Accordingly, the Court on reconsideration GRANTS Defendant's motion to dismiss, and the Clerk of Court shall dismiss Plaintiffs' complaint pursuant to Rule 12(b)(1). Defendant's motion for certification of the Court's March 14, 2016 and December 3, 2015 Orders for interlocutory appeal is DISMISSED AS MOOT. Those previous orders are hereby vacated.

IT IS SO ORDERED.

s/Thomas C. Wheeler<br>
THOMAS C. WHEELER<br>
Judge